ers of the town; that the road in question was not a legally opened highway, or, if it was, that it had never been worked by the highway commissioners and had been abandoned; and that he was the legal owner of a part of the premises over which it was proposed to construct the highway.

Reading the resolutions together, it is apparent that no money was intended to be expended or work done until it had been ascertained, first, whether the town was the owner of the road to be improved; and, second, if it was, the cost of such improvement to be ascertained by a competent engineer and reported. There is no evidence in the record showing a report upon either question or that the highway commissioners had expended or intended to expend any money until such reports were received and considered. No act or words of the town officials or either of them warranting the belief that they were doing or intended to do any work or make any expenditure connected with the proposed improvement until they had determined the ownership of the road by the town appears from the record. It is not the purpose of this action to restrain the authorities from including in the amount raised for highway purposes the $2,000 authorized to be used for the improvement or from the levying of the tax containing the same. The relief sought is the restraining of such of the town authorities as are made defendants from constructing or improving a highway, and while, by the resolution adopted on September 4th, a commissioner was authorized to pay for the preliminary work out of the fund designated for the improvement, it does not follow that such preliminary work other than that of counsel in ascertaining the title of the town, which the authorities clearly had the right to incur, was to be done. When read in connection with the other resolutions, it is clear that the intention of the boards was that such acts other than the employment and work of counsel in ascertaining title were not to be performed until the ownership and rights of the town dependent thereon had been ascertained.

In the absence of any evidence of an illegal act done or intended to be done, the action was prematurely commenced, and the complaint properly dismissed.

The judgment must therefore be affirmed, with costs. All concur.

---

### In re LINKLETTER'S ESTATE.

(Supreme Court, Appellate Division, Second Department. October 12, 1909.)

1. TAXATION (§ 856*)—INHERITANCE TAX—NATURE OF TRANSFER TAX.
The tax imposed by the transfer tax law is a tax, not on property, but on the right of succession to property.
[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1673; Dec. Dig. § 856.*]

2. TAXATION (§ 886½*)—INHERITANCE TAX.
Tax Law (Laws 1896, p. 868, c. 908) § 220, imposes a tax of 5 per cent. upon every transfer of property of $500 in value or over. Section 221, as amended by Laws 1907, p. 390, c. 204, makes a stepchild exempt in case of a transfer of property less than $10,000 in value, and places him in the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

1 per cent. class in case of the transfer of property of the value of $10,-000 or over. A testatrix left her property to relatives of the full blood only, who would be entitled to receive her personal estate in case of her death, unmarried and intestate, had she no relatives of the half blood, and in the shares fixed by law for the distribution of personalty. A son of a deceased sister took under the will over $30,000. After his mother's death, his father and testatrix had intermarried, so that he was a stepson as well as nephew. *Held,* that he took as a nephew under the statute of distributions, and his share was liable to a 5 per cent. tax.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 886½.*]

Appeal from Surrogate's Court, Nassau County.

In the matter of the appraisal of the estate of Catherine E. O. Linkletter under the acts in relation to the taxable transfers of property. From an order of the Surrogate's Court, confirming the report of the transfer tax appraiser, the State Comptroller appeals. Modified and affirmed.

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

Henry P. Keith (Philip Huntington, on the brief), for appellant.
Lewis J. Smith, for respondent.

MILLER, J.   Catherine E. O. Linkletter died October 13, 1907, leaving a will which contained the following provision:

"I give, devise and bequeath all my property, real, personal or mixed, to those persons, relatives of my full blood only, who would be entitled to receive my personal estate in case of my death unmarried and intestate, and had I no relatives of the half blood, and in the shares and proportions fixed by law for the distribution of personalty."

The respondent, George O. Linkletter, the son of a deceased sister, takes under the will the sum of $30,434.30. After the death of his mother, his father and the testatrix had intermarried. The question involved on this appeal is whether the respondent's share shall be taxed at the rate of 1 or 5 per cent. Section 221 of the tax law (Laws 1896, p. 869, c. 908) was amended by chapter 204, p. 390, of the Laws of 1907, so as to include a stepchild in the exempt class in the case of a transfer of property less than $10,000 in value, and in the 1 per cent. class in case of the transfer of property of the value of $10,000 or more.

If the bequest had been to the respondent by name, there would be no doubt that, under the statute in force at the time, his share would be taxable at the rate of 1 per cent., as he was a stepchild. But under the will he takes as nephew, precisely as he would take under the statute of distributions, had there been no will. As stepchild he could not take under the statute, and the will expressly provides that the property shall go to the relatives of the full blood only in the "shares and proportions fixed by law for the distribution of personalty in cases of intestacy." Plainly, therefore, the respondent takes as nephew, as one of a class; and it seems to me that the case is precisely the same as though he took under the statute of distributions, in which case it seems obvious that a tax of 5 per cent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

.would be imposed, because in that case the transfer would be to the nephew, not to the stepson. The fact that the transferee happened to be a stepson as well as nephew would be immaterial, because the character of the transfer, the capacity in which the transferee took, would determine the taxability of the property transferred.

If the tax were a property tax, a different question would be presented. It is unnecessary to cite authority upon the proposition that the tax imposed by the transfer tax law is a tax, not on property, but on the right of succession to property; and it seems, therefore, that the capacity in which the transferee takes should determine whether he comes within the exceptions of section 221.

The question is novel, and not likely to arise often. It is contended with some force that a transfer to the respondent as one of a class should be taxed the same as a bequest to him by name. The decision turns on the construction of sections 220 and 221 of the tax law. Section 220 provides for a tax of 5 per cent. upon every transfer of property of the value of $500 or over. Section 221 creates certain exceptions and limitations to section 220, and I think that, as the tax is on the right of succession, section 221 must be construed with reference to the capacity in which that right is claimed. A transfer to or for the use of a father, mother, husband, wife, child, stepchild, etc., is to be taxable only if the property transferred is of the value of $10,000 or more, and then at the rate of 1 per cent. Of course, there is a transfer in this case to the respondent, who was a stepson; but the transfer was not made because of that relationship. In fact, had he sustained no other relation to the testatrix, he could not have taken. If the transfer had been to him by name, it would doubtless have been prompted by the fact of his relationship as stepson; and, if not in terms, it would in fact have been a transfer to him as such.

In construing section 221, it must not be overlooked that it creates exceptions to and limitations upon the general rule of section 220. I think that, for the purposes of this case, the respondent must be treated solely as a nephew, and that he does not come within the exception.

The order should be modified, so as to impose a tax of 5 per cent., and, as thus modified, affirmed, with $10 costs and disbursements to the appellant. All concur.